IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TERRI PARRISH, :

    Plaintiff, : Case No. 3:17-cv-411

vs. : JUDGE WALTER H. RICE

COMMISSIONER OF SOCIAL SECURITY, :

    Defendant. :

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #11); OVERRULING DEFENDANT'S OBJECTIONS THERETO (DOC. #12); VACATING COMMISSIONER'S NON-DISABILITY FINDING; REMANDING CASE UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g) FOR FURTHER CONSIDERATION; JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT; TERMINATION ENTRY

---

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits. On April 3, 2019, the United States Magistrate Judge filed a Report and Recommendations, Doc. #11, recommending that the Commissioner's non-disability Decision issued on February 1, 2017, be vacated, that no finding be made as to whether Plaintiff was under a "disability," and that the case be remanded to the Social Security Administration under sentence four of 42

U.S.C. § 405(g) for further consideration. Defendant filed timely Objections to the Report and Recommendations, Doc. #12.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a *de novo* review of those portions of the Report and Recommendations to which proper objections have been made. This *de novo* review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings "are supported by substantial evidence." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005).

This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed.2d 126 (1938). "Substantial evidence means more than a mere scintilla, but only so much as would be required to prevent a directed verdict." *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established. . . .

[I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986) (quoting *N.L.R.B. v. Columbian Enameling and Stamping Co.*, 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939)).

In determining "whether there is substantial evidence in the record . . . we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allev. v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)). However, the Court "may not try the case *de novo*[;] nor resolve conflicts in evidence[;] nor decide questions of credibility. *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's decision "is supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981) (citing *Moore v. Califano*, 633 F.3d 727, 729 (6th Cir. 1980)).

Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations, Doc. #11, as well as upon a thorough *de novo* review of this Court's file, including the Administrative Record,

Doc. #6, and a thorough review of the applicable law, this Court ADOPTS the Report and Recommendations in their entirety. In doing so, the Court VACATES the Commissioner's non-disability finding, makes NO FINDING as to whether Plaintiff was under a "disability," and REMANDS the matter under sentence four of 42 U.S.C. § 405(g). Defendant's Objections to the Report and Recommendations, Doc. #12, are OVERRULED.

In *Drummond v. Commissioner*, 126 F.3d 837, 842 (6th Cir. 1997), the court held that "[a]bsent evidence of improvement in a claimant's condition," a subsequent Administrative Law Judge ("ALJ") "is bound by the findings of a previous ALJ." In *Earley v. Commissioner*, 893 F.3d 929 (6th Cir. 2018), however, the Sixth Circuit held that, in reviewing a new application for disability benefits *claiming a later disability-onset date*, the doctrine of *res judicata* does not prevent the Administrative Law Judge ("ALJ") from conducting a "fresh review" of the record.

In assessing Plaintiff's Residual Functional Capacity ("RFC"), the Commissioner's record-reviewing physicians, Gary Hinzman, M.D., and Abraham Mikalov, M.D., noted that they were bound by the previous RFC finding made by ALJ Lombardo in 2013. Doc. #6-3, PageID##215, 217, 225, 227 (citing AR-98-4 and *Drummond*). As the ALJ noted, the physicians "adopted the prior ALJ Decision finding without alteration." Doc. #6-2, PageID#81. Dr. Hinzman did not assess, or offer any opinion on, Plaintiff's RFC after March 31, 2013. Dr. Mikalov did

4

review additional evidence, but adopted ALJ Lombardo's previous RFC assessment based on AR 98-4(6) and *Drummond*. The Court agrees with Defendant that these doctors cannot be faulted for not adhering to *Earley*, given that *Earley* had not yet been decided.

Even though *Earley* did not address the question of whether *reviewing doctors* were prohibited by the doctrine of *res judicata* from conducting a fresh review of the record, the Court agrees with Magistrate Judge Ovington that, as a matter of common sense, the holding in *Earley* must be extended to those reviewing doctors. Like the ALJ, they must take a "fresh look" at the new and additional evidence to determine whether it supports the new application for a more recent time period.

The Court concedes that the ALJ in this case gave the opinions of the reviewing physicians only partial weight. Doc. #6-2, PageID#81. Nevertheless, to the extent that the ALJ relied on their opinions, *even in part*, in determining that Plaintiff was not disabled during the relevant time period, the Court finds that Magistrate Judge Ovington properly concluded that Plaintiff is entitled to have her more recent medical records reviewed by a state-agency physician using the *Earley* criteria. Plaintiff's reviewing physicians believed that they were bound by the previous ALJ's findings. As Magistrate Judge Ovington noted, their "mistake was to credit ALJ Lombardo's findings because AR-98-4(6) and *Drummond* mandated them to do so, not because their fresh look at Plaintiff's new and additional evidence led them to do so." Doc. #11, PageID#1109. She properly concluded

that "[w]ithout their fresh look, their opinions do not constitute substantial evidence in support of the ALJ's findings." *Id.* The ALJ's partial reliance on their flawed opinions leads the Court to conclude that a remand is warranted.

Defendant also argues that Magistrate Judge Ovington erred in finding that the ALJ subjected the opinion of Plaintiff's treating physician, Dr. Nenonene, to stricter scrutiny than the opinions of the reviewing physicians. Defendant argues that the ALJ simply did as required, setting forth "good reasons" for according Dr. Nenonene's opinion only partial weight. *See* Doc. #6-2, PageID##81-83. Given that the Court has already concluded that a remand is warranted, which will require state-agency physicians to conduct a "fresh review" of Plaintiff's new evidence, and then require the ALJ to determine anew whether Plaintiff is entitled to benefits, the Court overrules this Objection as moot.

Judgment will be ordered entered in favor of Plaintiff and against Defendant.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

September 25, 2019

_____
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT